EX PARTE, FRANK LEWINSKY, *Petitioner.*

Opinion Filed November 11, 1913.

1.   Under the title of an Act to "regulate" the sale of intoxicating liquors, the legislature may prohibit its sale to certain classes of citizens needing special protection.

2.   In counties where the sale of intoxicating liquors is permitted under Art. XIX of the Constitution, the legislature is still free to regulate the sale, so long as it stops short of actual or practical prohibition.

3.   A dealer in intoxicating liquors has no constitutional right to privacy in the sale, nor to the privilege of rendering his place of business attractive for the loiterer, by the use of chairs and tables, nor has he such right to sell to females.

4.   Special restrictions against the sale of intoxicating liquors are not necessarily void as class legislation, because hotels

having one hundred rooms or more are exempted therefrom, if the restrictions be confined to the classes of persons to whom the sale is forbidden, and to the furnishing of and approaches to the room in which the sale takes place.

This is a case of Original Jurisdiction in Habeas Corpus.

Writ discharged and petitioner remanded.

*L. A. Harris, B. B. MacDonell* and *A. G. Hartridge,* for Petitioner;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

COCKRELL, J.—This is an original proceeding in this court, upon a writ of habeas corpus, issued by one of the Justices, returnable to the full court. The petitioner is in custody under a warrant issued by the County Judge of Monroe County, charging him with a violation of Chapter 6516 of the Laws of 1913, in that he sold intoxicating liquors to a female, and also in that he had side entrances and screens to his bar-room, a place of business for the sale of intoxicating liquors.

The cited act of the legislature is alleged to be unconstitutional and void, upon two grounds: The title being "An Act to Regulate the Sale or Furnishing of Intoxicating Liquors, Wines or Beer, and Prescribing a Penalty for the Violation of Certain of Its Provisions" is said to be too restrictive to admit of the prohibitions therein contained. The assertion is untenable. Every regulation is of necessity a restriction. "Regulate" is defined by Webster to mean "to direct by rule or restric-

tion," and it has been specifically held by the Supreme Court of Indiana, as sufficiently expressive of the subject of an act, prohibiting the sale of intoxicating liquors to minors and to persons in the habit of getting drunk. Williams v. State, 48. Ind. 306. Our Legislation goes but one step further, in that it includes in the restriction also "females," a class frequently associated in matters of legislation, with infants and others in need of special protection, and a class not now before us complaining if they. may be heard to so complain, that they are deprived of any rights in not being admitted to drink at a public bar.

Our State constitution does not bind the Legislature in dealing with the liquor traffic so long as the legislation stops short of actual or practical prohibition, and it may not be properly claimed the present act goes that far. The Federal Constitution leaves the "regulation of the liquor business entirely to the several States to deal with or prohibit as they may see fit, with possible exceptions not here involved, and we conceive of no valid reasons why a liquor dealer may object successfully that the Legislature will not permit him to sell to minors, females, or persons intoxicated, or forbid him privacy in the sale of the intoxicants, or the privilege of making his place of business attractive for the loiterer, by the use of chairs and tables.

A proviso to the Act makes it not applicaple to hotels having one hundred rooms or more; and this proviso, it is asserted, is an arbitrary classification. To strike down an act, as class legislation, requires the strongest of showings. In a sense all legislation is classification, and unless the classification is palpably arbitrary, without possible basis for the distinction made by the lawmaking power, the courts should not intervene.

We may suggest as a reasonable basis for the classifica-tion, that in very large hotels the bar is an incident mere-ly and that the hotel management, under constant super-vision of the State, will see to it by reason of self protec-tion, that the bar is conducted in an orderly decent man-ner, whereas in the smaller hotels the liquor business may be the principal and the hotel the incident. Where the dividing line may be placed is primarily for the decision of the Legislature, and it is not, nor from our knowledge of Florida as a State, much frequented by winter tourists, can it decently be claimed, that the line is so placed as to apply to but few hotels. A smaller number of rooms might have subjected the State to the crying evil, so vigorously denounced by the· press and public not many years ago supposedly produced by the so-called Raines law in the most populous State of the Union.

We may add that the act does not confer any privilege not theretofore enjoyed by hotels of a hundred rooms, but merely does not add to the former restrictions, and therefore much of the argument addressed to the favor-itism for that class does not apply.

The petitioner, having failed to point out wherein any of his constitutional rights have been invaded, it follows that the writ must be discharged and he be remanded.

SHACKLEFORD, C. J., AND TAYLOR, HOCKER AND WHIT-FIELD, J. J., concur.