STATE, *ex rel.* ATLANTIC ICE AND COAL COMPANY, etc., v. GEORGE O. WEEMS, as Director of the State Beverage Department.

166 So. 453.

Division B.

Opinion Filed December 13, 1935.

Rehearing Denied March 5, 1936.

*Hampton, Jordan & Lazonby,* for Relator;

*Cary D. Landis,* Attorney General, and *Marvin C. McIntosh,* Assistant, for Respondent.

BUFORD, J.—This case is before us on motion to discharge the alternative writ of mandamus on the return coming in.

Both the relator and the respondent have filed brief. We will consider the relator's brief as a motion to quash the return. It is alleged in the alternative writ that the relator is the owner of a certain plant and machinery which he desires to remodel so as to construct a brewery or manufacturing plant for the making of malt beverage of 3.2 per cent. by weight, or less, of alcoholic content. That pursuant to Chapter 16774 of the Acts of 1935, and Chapter 15884, Acts of 1933, it demanded of the Tax Collector of Alachua County, Florida, that he furnish to it a blank form of application for the erection of such a brewery in Alachua County, Florida, such application to be filed in accordance with the statute; that the form was furnished and filled out and presented to the Tax Collector of Alachua County, Florida, and was transmitted to the County Commissioners of said Alachua County and they, at their regular meeting in October, 1935, ratified and approved the application and thereafter, the said application for permit was duly presented to the Director of the State Beverage Department and was approved by the said Director. That thereafter George O. Weems, as Director of the said State Beverage Department, by telephone and afterwards in writing, withdrew his said approval, stating as his grounds herefor that Alachua County was a dry county and that he had no authority to authorize the brewing of malt beverage of 3.2 per cent. alcoholic content by weight or less in Alachua County.

Relator further alleges that he tendered to the Tax Collector of Alachua County $1500.00 for the issuance of a license and that the issuance of such license has been refused because of lack of approval by the State Beverage Department.

It is further alleged that the Relator tendered to the State Beverage Department a bond in the sum of Ten Thousand Dollars in accordance with the statute; that said bond was satisfactory to the State Beverage Department but said Beverage Department refused to accept said bond and refused to approve said bond because of its supposed inability to grant permission for the manufacture of malt beverage of 3.2 per cent. or less of alcoholic content by weight.

The command of the alternative writ is:

"And we being willing that full and speedy justice be done in the premises do hereby command you, George O. Weems, as Director of the State Beverage Department of Florida, to instanter approve the issuance of a license for the establishment of a manufacturing plant for the brewing of 3.2 per centum beer, or less, in the County of Alachua and State of Florida, by the Atlantic Ice & Coal Company, or show cause, if any you have before the Supreme Court of the State of Florida on the 22nd day of October, A. D. 1935, at 10:00 o'clock A. M., why you have not obeyed this writ."

We hold that Chapter 16774, Acts of 1935, is the controlling statute in this state governing the taxing, manufacturing, distribution and sale of beverages containing more than one per cent. of alcohol.

It will be observed that paragraph "a" of Section 19 of Chapter 16774, *supra,* provides as follows:

"All laws and parts of laws in conflict with this Act are hereby repealed, but Chapter 11809, Acts of 1927, relat-

ing to intoxicated persons operating automobiles is not hereby repealed. And Chapter 15884, Acts of 1933, regulating the manufacture, sale and transportation of beverages not prohibited by law shall not be repealed until it becomes inconsistent with this Act, and the excise tax thereby imposed shall remain effective until the excise tax hereby imposed becomes effective and all taxes imposed by said law shall remain valid obligations to the State until paid."

The logical meaning of this phraseology is that the provisions of Chapter 15884, Acts of 1933, remained in force as long as licenses theretofore granted under that Act should authorize the sale of alcoholic beverages declared to be lawful by the provisions of that Act. But, it does not mean that new licenses could be issued under the provisions of that Act after Chapter 16,774, became effective.

The title to Chapter 16774, *supra,* is as follows:

"An ACT Regulating and Taxing the Manufacture, Distribution and Sale of Beverages Containing More than One Percentum of Alcohol, Creating and Providing for a State Beverage Department, Providing Penalties for the Violation of this Act and Repealing Existing Laws concerning Said Beverages."

It will be observed that the Act by its title contemplated that it should apply to all beverages containing more than one per cent. of alcohol.

Paragraph 1 of Section 2 of the Act provides as follows:

"Any person, association of persons, or corporation, before engaging in the business of manufacturing, selling, bartering or exchanging or in anywise dealing in liquors, wines, beers or other beverages containing more than one per centum of alcohol by weight, shall, before engaging in such business, file under oath with the Tax Collector of the

County in which the place of business of such person, association of persons, or corporation shall be located, a written or printed application for license to conduct such business, said application to be made on forms to be provided to the Tax Collector by the Director."

Section 5 of the Act provides for the issuance of licenses and subsection "c" of Section 5 is as follows:

"If engaged in the business of brewing malt liquors and nothing else a State license tax of $750.00."

Another provision of Section 5 of the Act is:

"All persons licensed under sub-sections 'a,' 'b,' 'c,' 'd,' and 'e' of this section shall be deemed manufacturers within the meaning of this Act."

And another provision of that section is:

"No license except under sub-sections 'a,' and 'b' of Section 5 hereof shall be issued to a manufacturer or distributor for the operation of a manufacturing or distributing plant or establishment in any county where the sale of intoxicating liquors, wines and beers is prohibited."

Relator in his brief says:

"The next question before us is: That if the Legislature did intend to prohibit the manufacture of 3.2 beer and less in dry counties, can they do so and at the same time allow the distribution and sale of this commodity in the county? It would be a futile and useless gesture for the Legislature to authorize the sale of a commodity, to authorize the distribution of a commodity, and at the same time deny the right to make the commodity. The commodity must be made before it can be sold."

This question may be before the officials of Alachua County but it is not presented to this Court and until it is presented here in due course we are not called upon to discuss it.

We find the return of the respondent sufficient. Therefore, the alternative writ should be quashed and the cause dismissed.

It is so ordered.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.

### ON PETITION FOR REHEARING.

WHITFIELD, C. J.—There is no inherent right in any one to manufacture alcoholic beverages. The Constitution does not prohibit or regulate the manufacture of alcoholic beverages and it is within the power of the Legislature to prohibit or to regulate such manufacture by general or by local laws; and general laws with appropriate classifications of counties as to those in which intoxicating liquors may or may not lawfully be sold therein or as to those counties wherein State Institutions of learning or other State Institutions are or are not located, or other classifications, may be enacted; and in a general statute entitled for regulating and taxing the manufacture, distribution and sale of alcoholic beverages, such manufacture may be prohibited in some counties and regulated in other counties, for such prohibition in some counties is not actual or practical prohibition in the State, but is an element of regulation where the unit regulated is the State having many counties with varying conditions to be met.

In Mernaugh v. City of Orlando, 41 Fla. 433, 27 So. 34, the city was given a delegated power to *regulate* liquor traffic and it attempted to prohibit such traffic *throughout the city*.

Rehearing denied.

ELLIS, P. J., and TERRELL, BUFORD, and DAVIS, J. J., concur.

BROWN, J., dissents.

BROWN, J. (dissenting).—The Act (Chapter 16774, Section 5) permits the sale of beverages containing not more than 3.2 per cent. of alcohol by weight generally throughout the State, including "counties where the sale of intoxicating liquors, wines and beers is prohibited." Thus the Legislature classifies 3.2 per cent beer as *non-intoxicating,* and in effect holds as not applicable to 3.2 per cent. beer all local laws prohibiting the sale of "intoxicating liquors, wines and beers." The result is that the sale of 3.2 per cent. beer is not prohibited in Alachua County, or any other county in the State.

The paragraph in Section 5 relied on as preventing the issuance of the license in effect provides that no license shall be issued to a manufacturer or distributor of 3.2 per cent. beer in any county "where the sale of intoxicating liquors, wines and beers is prohibited."

This is an anomalous provision as applied to 3.2 per cent. beer. Why should the Legislature prohibit the *manufacture* of a beverage which it definitely permits to be sold, even in "dry" counties, on the manifest ground that it is non-intoxicating? Why should Jacksonville or Tampa, brewers be permitted to sell 3.2 per cent beer in Alachua County, and yet the citizens of Alachua County be prevented from brewing the same kind of beer in their own county? Why make state-wide the privilege of *selling* non-intoxicating 3.2 per cent. beer upon the payment of the required license, regardless of local laws prohibiting the sale of intoxicating liquors, and yet deny the privilege of *manufacturing* exactly the same sort of beverage in certain counties which have adopted such local prohibitory

laws? Why allow the sale, but deny the manufacture, of a *non-intoxicating beverage* in certain counties merely because they have prohibited the sale of *intoxicating* beverages therein? If the *sale* of such beer direct to the consumer is allowed by State law in dry counties, why should the *manufacture* be prohibited? The latter is certainly not more injurious to the public than the former. It would seem that the legislative classification makes a distinction between counties based upon differences in their local laws relating to *intoxicating* liquors which, as regards 3.2 per cent. beer, is a distinction without a difference. The Act itself renders the distinction arbitrary and discriminatory, because the Act treats 3.2 per cent. beer as a non-intoxicant, which can be sold anywhere in the State. Therefore, this sentence in Section 5 of the Act is arbitrary and unreasonable, and unconstitutionally denies the equal protection of the laws to those citizens of the so-called "dry" counties who desire to manufacture this presumably harmless and non-intoxicating beverage on the same terms which the statute grants to the citizens of the so-called "wet" counties which have no local prohibitory laws.

Also, upon further consideration I have concluded that the paragraph of Section 5 above referred to is void, because not within the purview of the subject or title of the Act. The title of Chapter 16774 deals with "regulating and taxing the manufacture, distribution and sale of beverages containing more than one per cent. of alcohol," but there is not a word in the title that gives the slightest notice that the Act contains a prohibitory clause, such as that above referred to. There is a vast difference between regulation and prohibition. Mernaugh v. City of Orlando, 41 Fla. 433, 27 So. 34. And the effect of the quoted provision of this statute is to absolutely prohibit the manufacture of beer in

some counties of the State. As to those counties, the prohibition is absolute.

So this case does not fall within the rule laid down in *Ex Parte* Lewinsky, 66 Fla. 324, 63 So. 577, where it was held that an Act to regulate the sale of intoxicating liquors may prohibit its sale to certain classes of citizens, such as women and minors. The facts of this case differentiate it from the cited case.

Nor does this case fall within the holding in *Ex Parte* Pricha, 70 Fla. 265, 70 So. 406.

The title of this Act gives no notice whatever that in the body of the Act there will be found a provision in effect prohibiting the manufacture of 3.2 per cent. beer in certain counties of the State. So, upon further consideration of this point in the case, I think such provision is invalid under Section 16 of Article III of our Constitution, as construed in numerous previous decisions of this Court. See Colonial Investment Co. v. Nolen, 100 Fla. 1349, 131, So. 178. I think, therefore, that the petition for rehearing should be granted.