### DALY v. HILLSBOROUGH COUNTY.

Circuit Court, Hillsborough County.

March 24, 1950.

John R. Parkhill, Tampa, for plaintiff.

I. C. Spoto, Tampa, for Hillsborough County.

L. W. Renfroe, Tallahassee, for State Beverage Director.

J. Rex Farrior, Tampa, State Attorney.

L. L. PARKS, Circuit Judge.

Pursuant to the authority in section 561.44 F. S. A. the board of county commissioners by resolution dated October 31, 1947 zoned a certain area in county commissioners' district #4, which includes the plaintiff's land, so as to prohibit the retail sale of light wines and beer. The area so zoned contains 8 of the 389 square miles in the district and is the only zoned area in it. There are no churches or schools in the area, the nearest being 5 miles distant.

Prior to the adoption of the resolution no district-wide plan or survey was made, nor was any public hearing had concerning the necessity or reason for the zoning.

Plaintiff contends the zoning bears no substantial relation to the public health, safety, morals or general welfare, that the board adopted the resolution arbitrarily and capriciously, discriminating against her and depriving her of her property without due process of law, that prior to the zoning (at a cost of $10,000) she purchased the land and erected a building thereon which was to be devoted to the use of selling light wines and beer and that she is qualified in all respects to have issued to her a license or permit for such retail sales. These are the substantial charges of the bill, and the prayer is that the zoning resolution be declared invalid and unlawful, "and for other relief." The defendant board's motion to dismiss tests the sufficiency of these charges.

Temperance lectures are unnecessary to demonstrate that experience has long shown that over-indulgence in alcoholic beverages, with injurious consequences to health and morals, has always existed in such degree among the people where they are sold as to require nothing less than strict regulation—to protect and promote the general welfare. Under our county unit local option laws permitting sales the legislature, in the exercise of police power in the interest of the general welfare, may all but prohibit the sale thereof —"so long as it stops short of actual prohibition." Ex parte Lewinsky (Fla.), 63 So. 577; State ex rel. Dixie Inn, Inc. v. City of Miami (Fla.), 24 So. 2d 705.

The inherent injurious tendencies of the traffic have activated the legislature to exercise its power of regulation more rigidly than over any other lawful business. No person has an inherent right to engage in the retail sale of intoxicating beverages—nor for equally good reasons may he insist that his property be devoted to the use of such business. Character qualifications are required of all applicants for a license, maximum quantities that may be sold on a retailer's premises may be fixed, no sales may be made to women or minors, the hours of sale may be closely restricted, the condition of the premises may be minutely regulated, the licensee may not give away or consume or allow consumption on his premises—these and others are among the usual restrictions of the traffic imposed which have long since become accepted as being within the range of legislative regulatory power.

The zoning of the area—which includes plaintiff's land and the improvements expressly intended for the retail sale—is doubtless disappointing, but plaintiff may not successfully contend that she is not receiving the equal protection of the laws, nor that she is

being deprived of her property without due process of law, nor has she made it appear that she has been discriminated against.

It is further contended that the legislature was without power to authorize the board to determine and fix the boundaries of the zone because that body enjoys *administrative* powers only and zoning partakes of the nature of *legislative* power, that even assuming that authority to prescribe the area to be zoned might be delegated to the board the failure of the Act to set up standards and limitations in exercising such authority invalidates it.

The answer is that zoning under the Act is not legislative but administrative in character. The Act expressly limits the zoning only to the extent that the board may not authorize a place of business within 2,500 feet of a school or church. In view of the nature of the business and the imperative necessity for its regulation and the variety of conditions and diverse factors existing in localities in thickly populated counties which may reasonably influence and justify the exercise of the board's discretion and judgment (to the end that the general welfare shall be preserved and promoted) such standards and limitations are not necessarily required to be written or defined in the Act to make it valid.

In conclusion the bill, in substance, charges that no survey of the district was made, no necessity or reason for the zoning existed, no comprehensive plan was adopted, no public hearing was held prior to the resolution's passage, further that it was adopted arbitrarily and capriciously. The Act contemplates that a board will use its discretion and judgment in zoning a particular area within a county. Obviously, any action taken under the Act must be made after a finding and determination by the board that its action is reasonably necessary in the interest of the general welfare, zoning not based on such a determination is unauthorized and subject to review by the courts. The Act in question requires no comprehensive plan, and it is not suggested why one is necessary to the exercise of the authority given. The bill does not charge that the area was zoned without a finding based on reasonable knowledge of existing conditions warranting adoption of the resolution. Ex parte Pricha (Fla.), 70 So. 406; Bailey v. Van Pelt (Fla.), 82 So. 789; Ex parte Lewis (Fla.), 135 So. 147; Sparkman v. County Budget Commission (Fla.), 137 So. 809; State ex rel. Wilder v. City of Jacksonville (Fla.), 25 So. 2d 569; Robbins v. Webb's Cut Rate Drug Co. (Fla.), 16 So. 2d 121; Alexander v. Graves (Miss.), 173 So. 417; Ford v. Easterling (Miss.), 184 So. 153; and Green v. Alcorn County (Miss.), 6 So. 2d 130.

The motion to dismiss is granted with leave to amend, if desired, within 15 days from this date.