D. C. COLEMAN, Sheriff, v. STATE, *ex rel.* R. J. RACE.

159 So. 504.

Division B.

Opinion Filed January 19, 1935.

*Cary D. Landis,* Attorney General, and *H. E. Carter,* and *J. V. Keen,* Assistants for Plaintiff in Error;

*J. F. Gordon* and *William Blount Myers,* for Defendant in Error.

BUFORD, J.—Defendant in error, when being held in custody under a capias issued out of the Criminal Court of Record in and for Dade County upon the filing of an information therein charging him in three counts with the offense of selling intoxicating liquor in that county without first having procured a license to engage in the business of a dealer in such intoxicating liquor, sued out writ of habeas corpus.

On hearing, Petitioner was discharged.

The Respondent sued out writ of error.

Chapter 3448, General Statutes of Florida, as amended by Chapter 6861, Acts of 1915, was in effect December 31st, 1918, and was as follows:

"Selling Liquor Without a License.—Any person or persons, firm or association, that shall sell or cause to be sold or keep for sale any intoxicating liquors, wine or beer, without first paying the license required by law, shall upon conviction, be fined any sum not more than $500.00, or be imprisoned in the county jail for not more than six months, or by both such fine and imprisonment as in the discretion of the Court. Sheriffs and deputy sheriffs, collectors and deputy collectors and any police officer of any incorporated city or town, is authorized and empowered to enter any building where they have cause to suspect such liquors are kept for sale, without warrant, and to seize same and arrest the parties so engaged."

In habeas corpus proceeding the burden is on the Petitioner to show that he is unlawfully restrained of his liberty. It appears to us that Petitioner entirely failed to carry such burden. The Petition alleges:

"The said information above set forth and the arrest were under and by virtue of a certain Section 3448 of the General Statutes of Florida of 1914.

"The Relator further represents unto the Court that he is restrained and deprived of his liberty by the Defendant in violation of the Constitution of the United States and of the Constitution of the State of Florida and without authority of law in that:

"(a) The said Section 3448 of the General Statutes of Florida of 1914 is not in force and effect in this State and County for the following reasons:

"(A) The said above named section was repealed by the vote of the people and the Legislature of the State of Florida and attempted to be revived and made a law of this State by joint resolution by the House of Representatives and the Senate of the State of Florida during the session of the Legislature of 1933. That the said act on the part of the Legislature was a direct violation of Section 16, Article 3 of the Constitution of the State of Florida.

"(b) That the election held on November 6, 1934, to determine whether or not the sale of intoxicating liquors, wines and beers should be prohibited in Dade County was held in direct violation of the Constitution of the State of Florida and of the laws of the State of Florida in that;

"(aa) The law provides that: Elections under this section shall be held within sixty days from the time of presenting said application, but if any such election should thereby take place within sixty days of any State or National election or primary, it shall be held within sixty days after such State or National election or primary. That the local option election held in Dade County was on November 6, 1934, which was the same day as the National and State election."

House Joint Resolution No. 83, which became a part of our State Constitution on its adoption as such in the General Election on November 6, 1934, amongst other things provides as follows:

"Section 3. Until changed by elections called under this Article, the status of all territory in the State of Florida as to whether the sale is permitted or prohibited shall be the same as it was on December 31, 1918, provided that at the General Election in 1934 or at any time within two years after this Article becomes effective the Board of County Commissioners of any County shall, upon the application of

five per cent. of the registered voters of the county, call and provide for an election to decide whether the sale shall be prohibited in such county, said election to be otherwise as provided in Article 1 hereof."

We infer from the record that a local option election was probably held in Dade County on November 6, 1934. If so the record fails to show that such election was so held as not to cause Dade County to become a county in which intoxicating liquor could be lawfully sold upon the approval and adoption of House Joint Resolution No. 83 as a part of the organic law of the State in the General Election of November 6th, 1934. Nor is there anything to show that the sale of intoxicating liquor was prohibited in Dade County on the 31st day of December, 1918.

Now as we construe the language of Section 3 of Article XIX above quoted, as now in force, it means that where a local option election was held on November 6th, 1934, and the result of that election was in favor of intoxicating liquor in the county so voting, the adoption of the amendment made the sale of intoxicating liquors legally possible in such county so voting at such time in favor of such sale. While there was no statutory authority for the calling of such election at such time, the effect of the adoption of the proposed amendment as an integral part of the organic law was to give the territory affected by such election the status under the amended Constitution of "wet" or "dry" territory, in accordance with the result of such local option election.

The Constitution is the supreme law of the land and a self-executing constitutional provision requires no legislative action to put its terms into operation.

It is not needful for us to add here to what has already been so fully and well stated by Mr. Presiding Justice ELLIS

in the case of State *ex rel.* Powell, *et al.,* in opinion filed at this term of the Court with reference to the history of Constitutional provisions, both National and State, in connection with the manufacture and sale of intoxicating liquors.

In the opinion above referred to the writer says:

"No elections in Leon County have been called under the new Amendment, therefore the status of Leon County as to whether the *sale* of intoxicating liquors is permitted or prohibited is that of a 'dry' County.

"As the New Amendment merely reinstated the old policy of the State under the Local Option Article of the Constitution of 1885 which only related to the matter of the *sale* of such liquors, and as the *status* of Leon County under the new amendment is that of a 'dry' County, it remains to be determined what laws relating to intoxicating liquors were in effect on December 31, 1918, insofar as those laws relate to the shipment into Leon County from outside the State of intoxicating liquors for private and personal use and not for sale, and delivery by the carrier transporting the liquor, of such liquor to the rightful owner."

So the controlling question for our determination is whether or not the provisions of Section 3448, Revised Statutes of 1906, as amended by Chapter 6861, Acts of 1915, and in effect on December 31, 1928, was revived by the adoption of the amendment to Article XIX at the General Election on November 6th, 1934.

We must bear in mind that we are dealing with provisions of the Constitution and not with statutes. We are dealing with the supreme law as adopted by the people and not with legislative enactments. The people have written into the Constitution of the State of Florida Section 2 of House Joint Resolution No. 83, which reads in part as follows:

Section 2. The Legislature shall provide by general or special or local Legislation laws to carry out and enforce the provisions of this Article. All laws relating to intoxicating liquors, wines and beer, which were in effect on December 31, 1918, unless changed by the Legislature by laws expressly made, effective concurrently with this amendment, shall as so changed become effective with this Article and shall so remain until thereafter changed by the Legislature." * * *

Therefore, what is said in Section 16 of Article III of our Constitution has no controlling effect upon what we have under consideration here. In that section the Consitution is dealing with legislative powers only and does not purport to determine what may be accomplished by Constitutional amendment.

Section 1 of Article 17 of our original Constitution of 1838-9 provided:

"Section 1. That all laws or parts of laws now in force, or which may be hereafter passed by the governor and legislative council of the Territory of Florida, not repugnant to the provisions of this Constitution, shall continue in force until, by operation of their provisions or limitations, the same shall cease to be in force, or until the general assembly of this State shall alter or repeal the same;" * * *

The Common Law of England in effect on July 4, 1776, was adopted as the law of Florida and declared to be of full force and effect in this State by the Act of November 6, 1829. This was done by statute and such adoption has been held to have been legal and binding and of full force and effect for more than one hundred years.

We think it cannot be gainsaid that instead of adopting the Common Law of England as the law of this State by Statute, the Constitution might have as easily and as effect-

ively adopted the general law of any other civilized country to be of force and effect in this State and have provided that the same might be abrogated or changed by statute, provided the Constitution of the United States be not violated.

By the adoption of Constitutional Amendments the people may establish law which the Legislature is inhibited to enact by other provisions of the Constitution. By such procedure not only may valid law be established without legislative act, but the Legislature may be abolished and some other law-making power set up in its place. The Legislature is the creature of the Constitution and can never be superior in powers to the will of the people as written by them in the Constitution.

It is not challenged that Section 3448, Revised Statutes of 1906, as amended by Chapter 6861, Acts of 1915, was a valid statute in effect on the 31st day of December, 1918. By the amendment of Article XIX, which went into effect January 1, 1919, this statutory provision was not repealed but was laid at rest, or in repose, so long as the Constitution remained as it came to be on January 1, 1919. Subsequent statutes enacted for the purpose of carrying out the provisions of Article XIX of the Constitution as it existed from January 1, 1919, to November 6, 1934, must be construed to have been enacted in recognition of those Constitutional provisions and to be of force and effect only so long as those Constitutional provisions continue the control as the supreme law. When the Constitution was again changed in November 6, 1934, those statutes enacted which found their basis only in those constitutional provisions existing during that period, from January 1, 1919, to November 6, 1934, were likewise put into repose by the 1934 Amendment, and those valid provisions which were in effect

on December 31, 1918, under the policy theretofore existing were by the terms of the 1934 Amendment revived when the old policy was thereby reinstated. That revival applied to Section 3448, General Statutes of 1906, as amended by Chapter 6861, Acts of 1915, and it thereupon again became a valid and effective statutory provision.

For the reasons stated, the judgment must be reversed and the cause remanded for further proceedings not inconsistent with this opinion. It is so ordered.

Reversed and remanded.

WHITFIELD, C. J., and TERRELL, and BROWN, J. J., concur.

ELLIS, P. J., concurs specially.

DAVIS, J., absent on account of illness.

ELLIS, P. J. (concurring).—I concur in the conclusion reached by Mr. Justice BUFORD, as well as in the reasoning by which he reached the conclusion announced. I think, however, that in this case no question is presented as to the power of the re-enactment by constitutional amendments of a legislative act which has been repealed by a constitutional amendment.

For the purposes of this case it seems to me to be wholly unnecessary to state by constitutional amendment the people of this State may adopt the general law of any civilized country. Aside from the fact that the truth of the proposition is by no means selfevident, or axiomatic, it is unnecessary in this case to discuss it, because, as Mr. Justice BUFORD has so well argued, Section 3448 G. S. of 1906, as amended by Chapter 6861, Acts of 1915, was a valid statute in effect on December 31, 1918, and was not repealed by the constitutional amendment which was adopted in November, 1918, and went into effect January 1, 1919, but was merely suspended. That is to say, the provisions of

the Act had no application to any situation under the constitutional amendment of 1919, but when that provision of the Constitution was repealed in November, 1934, those Acts again became applicable where the sale of intoxicating liquors was permissible under the provisions of the last amendment.