STATE, *ex rel.* LILLIAN H. HOFFMAN, v. LEIGH R. POWELL, JR., and HENRY W. ANDERSON, as Receivers, S. A. L. Ry. Co.

159 So. 508.
En Banc.
Opinion Filed January 26, 1935.

*William Blount Myers,* for Relator;

*W. J. Oven, W. J. Oven, Jr.,* and *James Messer, Jr.,* for Respondents.

WHITFIELD, C. J.—The controlling question to be determined is whether Chapter 7733, Acts of Extra Session of 1918, which became effective December 9, 1918, was "in effect on December 31st, 1918," within the intendments of second amended Article XIX of the Constitution of Florida, which was adopted at the general election, November 6, 1934, and which became effective upon its adoption.

Chapter 7733 has not been adjudged to be invalid or inoperative, either under original Article XIX or under second amended Article XIX. The *first amended* Article XIX, adopted in November, 1918, to take effect January 1, 1919, while in force merely suspended the operation of Chapter 7733. See State v. Smith, 26 Fla. 427, 7 So. 848; Butler v. State, 25 Fla. 347, 6 So. 67. Second amended Article XIX, adopted November 6, 1934, removed the bar and made Chapter 7733 again effective until "changed by the Legislature." See opinion of Mr. Justice BUFORD in Coleman v. State, *ex rel.* Race, filed January 19, 1935; in *Ex Parte* Francis, 76 Fla. 304, 79 So. 753, the information charged that the defendant did personally transport intoxicating liquors into a dry county and did there possess such liquors for defendant's personal use, in violation of Chapter 7284, Acts of 1917.

It was held that no offense was charged and "that Chapter 7284, Laws approved May 1, 1917, undertaking to penalize the acts charged against the defendant in said information is unconstitutional and void." The effect of the adjudication, on the record before the court, was that the statute was inoperative to sustain a criminal charge of personal transportation into, and possession in, a dry county of intoxicating liquors for the personal use of the defendant. The decision was under original Article XIX of the Constitution; and *such decision* did not cover transportation

by a common carrier but was confined to personal transportation into, and personal possession of, intoxicating liquors in a dry county for the personal use of the person so transporting and possessing.

Such decision in August, 1918, under original Article XIX, even if it were not confined to personal transportation for personal use, does not render inoperative Chapter 7733, which became effective December 9, 1918, and relates to the purchase of intoxicating liquor to be transported by others into a dry county.

And even if Chapter 7733 counld have been adjudged inoperative under original Article XIX while it was in force, it was not adjudged to be imperative, and it was not repealed but merely suspended in its operation by the first amended Article XIX of the Constitution, adopted in November, 1918, to be effective January 1, 1919, prohibiting with stated exceptions the manufacture, sale, barter or exchange of all alcoholic or intoxicating liquors and beverages.

Being a statute not repealed and not adjudged to be invalid, Chapter 7733 is among the "laws relating to intoxicating liquors, wines and beers which were in effect on December 31, 1918," which second amended Article XIX adopted at the November general election in 1934 to become effective upon its adoption, provides shall "become effective with this Article and shall so remain until thereafter changed by the Legislature."

Upon its adoption as a part of the Constitution in November, 1934, second amended Article XIX, by its own force superseded the first amended Article XIX, and continues Chapter 7733 in effect as it was on December 31, 1918, until the Chapter is "changed by the Legislature."

Second amended Article XIX, adopted in November, 1934, is more comprehensive, specific and varied in its scope

and operation than was original Article XIX; and even if Chapter 7733 did not fully comport with original Article XIX, it is not clearly violative of second amended Article XIX and it has not been adjudged invalid; so under second amended Article XIX it remains in force until changed by the Legislature.

It is the policy of the Federal Constitution and statutes to protect the dry States against the transportation by common carriers and others of intoxicating liquors into dry States and likewise it is the purpose of the State Constitution and statutes to protect the dry counties of the State against the commercial transportation by common carriers and others of intoxicating liquors into dry counties; and State statutes designed to effectuate such policy and purpose should be made effective unless the statutes violate some identified provision of the paramount organic law.

Chapter 7733, forbidding the commercial transportation of intoxicating liquors into dry counties of the State, took effect December 9, 1918, and was in effect December 31, 1918. Chapter 7733 does not appear to be invalid under the principles upon which Chapter 7284, Acts of 1917, was held to be invalid in so far as it related to personal transportation of intoxicating liquors for the transporter's own personal use; and Chapter 7733 has not been held to violate original Article XIX. The first amended Article XIX, effective January 1, 1919, prohibiting the manufacture, sale, barter or exchange of alcoholic or intoxicating liquors, in effect made all counties of the State dry counties. Chapter 7733 not being violative of first amended Article XIX, was not rendered invalid by such amended Article XIX, though Chapter 7736 made Chapter 7733 unnecessary in enforcing first amended Article XIX, and Chapter 7733 being in effect on December 31, 1918, its operation was revived by

second amended Article XIX, adopted November 6, 1934.

The opinion herein, prepared by Mr. Presiding Justice ELLIS, is concurred in except in so far as it is inconsistent with this separate opinion.

The motion to quash the return is denied.

TERRELL, BROWN and DAVIS, J. J., concur.

BUFORD, J., concurs specially.

ELLIS, J., dissents

BUFORD, J., (concurring specially in judgment denying motion to quash return).—I concur in most of what is said in the opinion prepared by Mr. Presiding Justice ELLIS in this case, but I cannot concur in the conclusion which he has reached.

I concur in the conclusion reached by Mr. Chief Justice WHITFIELD, but on slightly different grounds to those on which his conclusion is based.

The part of the opinion by Mr. Presiding Justice ELLIS which I do not agree with is as follows:

"The inevitable consequence of the Amendment of 1919 was the complete repeal of all laws purporting to regulate the sale of such liquors. The provisions of such laws were wholly inconsistent with the Amendment of 1919. The constitutional provision therefore, the same as an ordinary statute, repealed by implication all prior legislative provisions inconsistent with it."

And the further statement:

"Chapter 7733, *supra,* was invalid for the same reasons advanced in the Francis case. At least it was not in effect on December 31, 1918, because it was intended to take effect while original Article XIX was in force."

And the further statement:

"It has been shown that the invalid or repealed Acts were

not re-enacted by the Constitutional Amendment adopted in 1934.

"The question whether other legislation relating to intoxicating liquors and imposing licenses upon the sale of such commodities which were put in repose by the Amendment of 1919 were revived by the Constitutional Amendment of 1934 does not arise in this case and is not therefore in any manner affected by it."

I concur in what is said in the opinion prepared by Mr. Chief Justice WHITFIELD, as follows:

"In *Ex Parte* Francis, 76 Fla. 304, 79 So. 753, the information charged that the defendant did personally transport intoxicating liquors into a dry county and did there possess such liquors for defendant's personal use, in violation of Chapter 7284, Acts of 1917.

"It was held that no offense was charged and 'that Chapter 7284, Laws approved May 1, 1917, undertaking to penalize the acts charged against the defendant in said information is unconstitutional and void.' The effect of the adjudication, on the record as before the court, was that the statute was inoperative to sustain a criminal charge of personal transportation into, and possession in, a dry county of intoxicating liquors for the personal use of the defendant. The decision was under original Article XIX of the Constitution; and *such decision* did not cover transportation by a common carrier, but was confined to personal transportation into, and personal possession of, intoxicating liquors in a dry county for the personal use of the person so transporting and possessing.

"Such decision, in August, 1918, under original Article XIX, even if it were not confined to personal transportation for personal use, does not render inoperative Chapter 7738, which became effective December 9, 1918, and relates to

the purchase of intoxicating liquor to be transported by others into a dry county.

"And even if Chapter 7733 could have been adjudged inoperative under original Article XIX while it was in force, it was not adjudged to be inoperative, and it was not repealed but merely suspended in its operation by the first amended Article XIX of the Constitution, adopted in November, 1918, to be effective January 1, 1919, prohibiting with stated exceptions the manufacture, sale, barter or exchange of all alcoholic or intoxicating liquors and beverages."

My conclusion is that inasmuch as Chapter 7733, Acts of Extraordinary Session of 1918, became effective on December 9, 1918, and remained effective on December 31, 1918, it is revived under the express provisions of the Constitutional Amendment of Article XIV, adopted November 6, 1934, regardless of whether or not it had been repealed by legislative Act or by amendment to the Constitution becoming effective January 1, 1919. I reach this conclusion on authority of what is said in the majority opinion in the case of Coleman v. State, *er rel.* Race, filed January 19, 1935, and as the provisions of this Act are not in conflict with the Constitution as it now stands, it is a valid and enforceable law of the State.

Ellis, P. J. (dissenting).—An alternative writ of mandamus was granted upon the petition of Lillian H. Hoffman against Leigh R. Powell, Jr., and Henry W. Anderson, as Receivers of the Seaboard Airline Railway Company, to require them to deliver to the relator, upon the presentation of a bill of lading therefor and payment of the proper charges, three cases of spirituous and intoxicating liquors consigned to the relator and now held by the agents of the

respondents in the depot warehouse in Tallahassee, Florida, or to show cause why they fail to do so.

The petition alleged that the relator, in November, 1934, purchased the three cases of intoxicating liquors in New York; that the liquors have an alcoholic content of more than 3.2 per cent. The shipment, which consisted of one case of gin, one case of Italian Vermouth and one case of French Vermouth, was consigned to relator at Tallahassee and delivered to the Pennsylvania Railroad Company in New York City for transportation over said Railroad and its connecting carriers to relator at Tallahassee; that the shipment was received and transported by the Pennsylvania Railroad Company, and delivered to the agent of the respondents, whose corporation is a common carrier, at Richmond, Virginia, and the shipment was duly transported to Tallahassee.

It is alleged that the relator, who entertains many guests during her sojourn in Leon County, intends to use the commodity for personal consumption by herself and guests and not for illegal sale; that she has tendered the bill of lading for the shipment, and tendered to the agents of respondents the accrued charges for transportation of the shipment, but respondents and their agents refuse to deliver the shipment to her.

The respondents, by their attorneys, made a return to the writ admitting the material allegations of the petition and averring as a reason for their refusal to deliver the liquors that in July, 1912, at an election held in Leon County, the electors voted to prohibit the sale of intoxicating liquors, wines and beer in said County and that status of the County as established by the election has never been changed and for the respondents to deliver the shipment to relator in Leon County would constitute an unlawful Act and would

violate the provisions of Section 12 of the Liquor Taxing Act of 1934 enacted by the United States Congress; that such delivery would also violate the provisions of the Twenty-first Amendment to the Constitution of the United States, ratified in December, 1933, whereby the Eighteenth Amendment to the Constitution of the United States was repealed; that such delivery would also violate Section 3 of Article XIX of the Florida Constitution, ratified in November, 1934.

Respondents averred that they had offered to deliver the shipment at the nearest available point in a county where the status of which now permits the sale of intoxicating liquors, but the relator refuses to accept such delivery.

It is also averred that a delivery of the shipment to relator in Leon County would be in violation of Sections 3 and 11 of Chapter 7284, Laws of Florida, 1917, and Sections 1, 2 and 3 of Chapter 7733, Laws of Florida, 1918.

The relator moved to quash the return. The grounds were that Section 12 of the Liquor Taxing Act of 1934 does not apply to a county where the manufacture and sale of intoxicating liquor was prohibited by local option election; that to apply that section of the Liquor Taxing Act to so-called dry counties and not to so-called "wet" counties would deny to relator the equal protection of the law;

That the Twenty-first Amendment to the Federal Constitution would not apply because the delivery of the shipment or use of intoxicating liquor in Leon County would not be in violation of any valid law of Florida;

That Section 3 of Article XIX of the Constitution of Florida does not prohibit the delivery or use of intoxicating liquors in so-called "dry" counties, but only relates to the status of territory as to whether the sale is permitted or prohibited;

That Chapter 7284, Laws of Florida, 1917, is of no effect because the Amendment to Article XIX of the Constitution which became effective January 1, 1919, repealed it;

That Chapter 7284, *supra,* was repealed by Chapter 7838, Laws of 1919, nor was it re-enacted into law by the adoption of the Amendment of the Constitution in 1934;

That Chapter 7284, *supra,* is invalid in so far as it relates to private ownership, possession or personal use of intoxicating liquors because it is in contravention of Sections 1 and 2 of Article XIX of the Constitution.

That the Act is also void in so far as it undertakes under penalty to prohibit the receipt in "dry" territory from any carrier, public or private, of intoxicating liquors exceeding the limited amount therein provided during a period of thirty days, because such application would violate Section 1 of the Declaration of Rights of the Florida Constitution;

That Sections 3 and 11 of Chapter 7284, *supra,* are void for the reasons stated in the two paragraphs just above written;

That Chapter 7733, Laws of Florida, 1918, is invalid because it was repealed by the adoption of Article XIX, which became effective in 1919;

That the Act was repealed by Chapter 7838, Laws of Florida, 1919, nor was Chapter 7733, *supra,* legally re-enacted by the adoption of the Amendment in 1934;

That Chapter 7733, *supra,* in so far as it undertakes to prohibit possession or personal use of intoxicating liquors in "dry" counties, or transportation thereof into such counties, is void because in violation of Sections 1 and 2 of Article XIX of the Constitution;

That it is void in so far as it relates to private ownership, possession or personal use of intoxicating liquors be-

cause it contravenes Sections 1 and 2 of Article XIX of the Constitution;

That it is void in so far as it undertakes to prohibit under penalty the receipt in "dry" territory from any carrier of intoxicating liquors exceeding the limited amount therein provided during any period of thirty days because it contravenes Section 1 of the Declaration of Rights of the Florida Constitution; and

That Sections 1, 2, 3 and 4 of Chapter 7733, *supra,* are void because they contravene Sections 1 and 2 of Article XIX and Section 1 of the Declaration of Rights of the Florida Constitution.

The Constitution of 1885, which went into effect January 1st, 1887, provided by Article XIX for elections in each county under conditions named to decide whether the *sale* of intoxicating liquors, wines or beer should be prohibited in the counties where such elections were held. Section 2 of the Article directed the Legislature to provide the necessary laws to carry out and enforce the provisions of Section 1 of the Article.

That Article was known as the Local Option Article. It was submitted for ratification as a separate proposition from the Constitution as proposed to become a part of the Constitution if adopted by a majority of the votes cast upon the question. See Ordinance 2, Constitution 1885; State, *ex rel.* Buckheitt, v. Butt, 25 Fla. 258, 5 South. Rep. 597.

When the Constitution was submitted for ratification the status of the State was that of "wet" territory, that is to say, the sale of intoxicating liquors, wines or beer was not prohibited in the State. The adoption of the local option article did not change that status. It merely provided that elections might be held in the different counties under the

conditions named to determine whether the sale of such
liquors should be prohibited.

Chapter 3700, Laws of Florida, 1887, was the first enact-
ment relating to intoxicating liquors under the Constitution.
The Act prohibited the sale of such liquors without a permit
from the Board of County Commissioners. The punishment
was the same as if the seller had no license. It also prohib-
ited the giving of such liquors with a view of enticing trade
and the sale of it in counties voting against its sale.

Prior to the Constitution of 1885 the sale of such liquors
to minors and intoxicated persons, the sale of it on elec-
tion days or within two miles of a camp ground used for
religious purposes was prohibited under penalties. Drunk-
enness was also prohibited by a statute enacted in 1878.

Those Acts of the Legislature enacted prior to the Con-
stitution of 1885 were not affected by the adoption of the
Constitution. So the regulation of the sale of such liquors
was partially attempted although the status of the entire
territory within the State was that of so-called "wet" terri-
tory; that is to say, the sale of such commodity was not
*per se* an offense.

It follows therefore that notwithstanding the adoption of
the Constitution the Legislature had the power to regulate
the sale of intoxicating liquors so long as such regulation
stopped short of actual or practical prohibition. See *Ex
Parte* Lewinsky, 66 Fla. 324, 63 South. Rep. 577, 5 L. R.
A (N. S.) 1156; *Ex Parte* Pricha, 70 Fla. 265, 70 South.
Rep. 406.

The Lewinsky case arose under Chapter 6516, Laws of
Florida, 1913, while the Pricha case arose under Chapter
6860, Laws of Florida, 1915. That Act prohibited the sale
of intoxicating liquors in quantities less than one-half pint
in counties where the same was allowed by law, and re-

quired the commodity to be contained in sealed receptacles. Chapter 6516, *supra,* was expressly repealed.

It was contended that Sections 1 and 7 of the Act were void as being in violation of Sections 1 and 12 of the Declaration of Rights of the Florida Constitution and in violation also of the Nineteenth Article.

Sections 1 and 7 of the Act prohibited the sale of intoxicants in quantities less than a half-pint or in any quantity not contained in sealed receptacles, and prohibited the dealer himself from drinking, consuming or giving away such liquors in any quantity on the premises' where the liquor was sold and prohibited him from permitting his servant or employee from doing so and from providing any other premises with the intent to defeat the policy of the Act.

The court held the Act to be valid, saying that it was "not open to the attack made upon it."

Mr. Justice TAYLOR, who at that time graced this Court with that fidelity to principle, power of ratiocination and knowledge of legal science that marked his services on the Court, dissented from the views expressed and conclusion reached by the majority of the Court. The writer of this opinion also dissented from the opinion and decision of the majority in that case.

The case established the principle that notwithstanding the existence of the local option clause in the Constitution of 1885 the Legislature had the power to regulate the sale of intoxicating liquors even in counties that had not voted against the prohibition of such sale to the point of prohibiting the sale of the commodity in quantities less than one-half of one pint or in any quantity in unsealed receptacles.

Prior to the adoption of the Constitution of 1885 the Leg-

islature enacted Chapter 3416, Laws of Florida, 1883. In·
the case of State, *ex rel.* Mira, v. Smith, 26 Fla. 427, 7
South. Rep. 848, this Court held in an opinion written by
Mr. Chief Justice RANEY that the Act of the Legislature
was not repealed by the nineteenth article of the Consti-
tution of 1885, but was merely *suspended* "during the period
of its operation" of the Local Option Article, or "until
there shall be another election changing the *status*." That
applied to all statutes regulating the sale of such liquor,
wines or beer in the county or district. The learned Chief
Justice referred to the case of Butler v. State, 25 Fla. 347,
6 South. Rep. 67, in which the doctrine above announced
was made, and said that the Court was still satisfied with it.

Mr. Chief Justice RANEY also wrote the opinion in the
Chapman case, *supra.*

It is clear that Article XIX of the Constitution of 1885
did not of itself repeal or suspend any legislation upon the
subject of the sale of intoxicating liquors. Only when the
article was put into effect by a majority vote, at a properly
called election, in favor of the prohibition of the sale of in-
toxicating liquors in the county where the election was held
were the statutes relating to the regulation of the sale of
such liquors *suspended* but not repealed.

Now in the year 1918 the original Article XIX of the
Constitution of 1885 was completely eliminated by the sub-
stitution of an amendment which forever prohibited in the
State of Florida the manufacture, sale, barter or exchange
of all alcoholic or intoxicating liquors and beverages,
whether spirituous, vinous or malt, except for medicinal,
scientific or medical purposes and wine for sacramental
purposes. That amendment became effective on January 1,
1919, by express terms of the Article.

The effect of the new Article XIX, that is the Article

·which became effective on the first of the year 1919, was to repeal the provisions of the original Article by unqualifiedly prohibiting the manufacture, sale, barter or exchange in the State of all alcoholic, spirituous, vinous, or malt liquors except for medical, scientific, mechanical and sacramental purposes.

The status of the·State therefore became that of a "dry" territory in so far as not only the sale of intoxicating liquors was prohibited but also the barter, manufacture or exchange of such liquors were prohibited.

Where the original article dealt only with the *sale* of such liquors and prohibited such sale only in counties voting for the prohibition of such sales, the new article prohibited not only the sale but the manufacture, barter or exchange of all alcoholic or intoxicating liquors whether spirituous, vinous or malt.

The inevitable consequence of the Amendment of 1919 was the complete repeal of all laws purporting to regulate the sale of such liquors. The provisions of such laws were wholly inconsistent with the Amendment of 1919. The constitutional provision therefore, the same as an ordinary stat-·ute, repealed by implication all prior legislative provisions inconsistent with it. See Norton v. Board of Com'rs of the Taxing Dist. of Brownsville, 129 U. S. 479, 9 Sup. Ct. Rep. 322, 32 L. Ed. 774; People, *ex rel.* State Board of Harbor Com'rs v. Kerber, 152 Cal. 731, 93 Pac. Rep. 878, 125 A. S. R. 93; Washingtonian Home of Chicago v. City of Chicago, 157 Ill. 414, 41 N. E. Rep. 893, 29 L. R. A. 798; Fesler v. Brayton, 145 Ind. 71, 44 N. E. Rep. 37, 32 L. R. A. 578.

While it is true that the Article XIX which became effective January 1, 1919, contained a provision to the effect that the Legislature should enact suitable laws for the en-

forcement of the provisions of the article, no legislation was necessary to bring the provisions of the article into effective operation, because such provisions were negative or prohibitory in their character and executed themselves. The article prohibited any person from manufacturing, bartering, selling or exchanging any alcoholic or intoxicating liquors in Florida by unqualifiedly prohibiting it to be done. No one may reasonably contend that the prohibited act could be done until the Legislature prohibited it. The Constitution undeniably, said the Supreme Court of Illinois, has as much vigor in prohibiting the existence of power or the performance of an act as the general assembly. That body could add to the prohibition penalties and forfeitures if the constitutional prohibition should be disregarded, but the prohibited act would nevertheless be void. Washingtonian Home of Chicago v. City of Chicago, *supra.*

In determining whether a Constitution repeals or makes void an Act passed before the Constitution became operative the rule is that if an Act passed prior to the time the Constitution took effect would be invalid if passed after that time then such prior Act is rendered invalid by the Constitution. The implied repeal is usually prospective in its operation. See 25 R. C. L. 926; Monaghan v. Lewis, 5 Pen. (Ded.) 218, 59 Atl. 496, 10 Ann. Cas. 1048; Washingtonian Home of Chicago v. City of Chicago, *supra.*

In the case of Norton v. Board of Com'rs of the Taxing Dist. of Brownsville, *supra,* Mr. Chief Justice FULLER, speaking for the Supreme Court of the United States, said: "The inhibition being self executing and operating directly upon the municipality, and not in itself enabling the latter to proceed in accordance with the prescribed limitation, *further legislation is necessary before* the *municipality* can act." (Italics supplied.)

In that case, by an act adopted February 8, 1870, the corporate authorities of the City of Brownsville, Tennessee, were authorized to issue corporate bonds to be subscribed as stock in a railroad company, certificates of stock to be issued by the company to the municipality to the amount of the bond received. The Constitution in effect when the Act was passed empowered the General Assembly to authorize the incorporated towns in the State to impose taxes for corporation purposes in such manner as shall be prescribed by law.

The Constitution was amended March 26, 1870, and went into effect May 5th of that year. The amendment retained the provision above mentioned and then proceeded thus: "But the credit of no county, city, or town shall be given or loaned to or in aid of any person, company, association, or corporation, except upon an election to be first held by the qualified voters of such county, city, or town, and the assent of three-fourths of the votes cast at said election." The court said:

"It is clear that the inhibition imposed by Section 29 of the Constitution of 1879 operates directly upon the municipalities themselves, and is absolute and self executing; and although power is reserved to the Legislature to enable them to give or loan their credit, and to become stockholders, upon the assent of three-fourths of the votes cast at an election to be held by the qualified voters, the county, city or town is destitute of the power to do so until legislation authorizing such election and action thereupon is had.

"The prohibition of the gift or loan of credit or the subscription to stock without a three-fourths vote, is not an affirmative grant of authority to give or loan credit or to become a stockholder upon a three-fourths vote.

"Prior to the Constitution of 1870, the Legislature could

have conferred on a municipal corporation the power to give or loan its credit, or to subscribe for stock, on such terms and conditions as the Legislature chose to impose; but after that Constitution went into effect, the municipality was deprived of any power previously conferred, and could thereafter do none of these things save an Act of the Legislature imparting the power as limited by the Constitution."

When the constitutional amendment adopted in 1918 and which became effective January 1, 1919, became a part of the Constitution it repealed all legislation which purported to regulate the sale of intoxicating liquors, as well as such other legislation as undertook to regulate the manufacture, barter or exchange of such liquors whether spirituous, vinous or malt. Such legislation became void. It was non-existent and required an Act of the Legislature to revive such restrictions or similar regulations when the constitutional provision was removed.

It follows therefore that Chapter 7284, Laws of Florida, 1917, as well as Chapter 7733, Laws of Florida, 1918, were repealed to the extent of any provision existing in those Acts which were inconsistent with the constitutional amendment. The doctrine is that although one section of a code may be impliedly repealed by a constitutional provision with which it conflicts there is no repeal of another section which may be reconciled with the Constitution. See Robinson v. Southern Pac. Co., 105 Cal. 526, 38 Pac. Rep. 94, 28 L. R. A. 773.

If therefore the provisions of Chapter 7284, in so far as they are applicable to this case are not in conflict with the constitutional amendment of 1919, then such provisions were not repealed by the constitutional amendment of 1919. Chapter 7284, *supra,* does not purport to regulate the sale, manufacture, barter or exchange of alcoholic liquors of any

character. On the contrary the provisions of the Act are in harmony with the constitutional prohibition against the manufacture, sale, barter or exchange of such liquors. It undertakes to prohibit the receipt of such liquors from a common carrier and prohibits the personal transportation into counties which have voted against the sale of such liquors from outside the State or between points in the State whether intended for personal use or otherwise. All the provisions of the Act are in harmony with its title and are consistent with a Constitution which prohibits the manufacture, sale, barter or exchange in the State of such liquors. The Act is prohibition of the use, possession, ownership and transportation of such liquors. These features of the Act, however, were declared to be unconstitutional and void in the light of the original Local Option Article of the Constitution of 1885. See *Ex Parte* Francis, 76 Fla. 304, 79 South. Rep. 753.

The Court, by a majority opinion in that case, recognized that under Article XIX of the Constitution intoxicating liquor is property and subject to private ownership. The Court, speaking through Mr. Justice TAYLOR, said:

"Our Constitution, Art. 19, recognizes it as such, and indeed the Act of our Legislature under discussion recognizes it as such in permitting it to be brought into the dry territory in the limited quantities it provides, and in the unlimited quantities it permits to be brought into such terriory for druggists, hospitals, ministers for sacramental purposes, etc., and yet this Act in the teeth of our Declaration of Rights undertakes to prohibit one part of our citizenship who happen to reside in dry territory from harmlessly acquiring, possessing, and protecting this property for his own personal and private use."

The learned justice said that Section 1 of Article XIX reserves to the people the right by their direct vote to prohibit the *sale* only of intoxicating liquors, not their ownership, possession or individual use by the citizen, and the Legislature by the second section of the Article is expressly authorized and required to enact laws to carry out the provisions of Section 1, that is to enforce the prohibition against the *sale*.

Two justices of this Court participating in that case dissented from the conclusion reached and held to the view that the Constitution did not limit the power of the Legislature to regulate the transportation and possession of intoxicating liquor in dry counties.

The case of *Ex Parte* McClellan, 76 Fla. 348, 79 South. Rep. 762, and the case of *Ex Parte* Ayres, 76 Fla. 350, 79 South. Rep. 763, followed the law as announced in the case of *Ex Parte* Francis, *supra*.

Chapter 7733, Laws of Florida, 1918, above referred to in this opinion, was enacted in December, 1918, and by its terms became effective before the constitutional amendment adopted in November, 1918, became effective on the first day of January following. That Act undertook to regulate the transportation of intoxicating liquors into counties or precincts of the State where the sale of intoxicating liquors is prohibited. By the same line of reasoning as was upheld in the Francis case, *supra,* that Act would also be violative of Article XIX of the Constitution then still in effect and in violation of the Declaration of Rights of our Constitution.

In the case of Neisel v. Moran, 80 Fla. 98, text 125, 85 South. Rep. 346, Mr. Justice WHITFIELD, in his opinion on

the rehearing, referred to Chapter 7733, *supra,* and said that the Act "by its terms took effect while Original Article XIX was in force. Its supposed invalidity does not affect the validity of Chapter 7736."

Chapter 7736, Laws of Florida 1918, which was enacted on December 7, 1918, and by its terms went into effect January 1, 1919, was upheld by the court in Neisel v. Moran, *supra.* The Court, as then constituted, consisted of five justices with Mr. Justice Browne as Chief Justice. Mr. Justice Whitfield, with Mr. Justice West concurring, upheld the Act as anticipatory legislation to meet the requirement of Article XIX, ratified by the people in November, 1918, to become effective January 1, 1919; those members of the Court holding that Article XIX did not become a part of the Constitution until January 1, 1919, and, as the Act by its terms was anticipatory of the coming into effect of the new Article on the following January, it was within the power of the Legislature to enact the law.

The writer of this opinion was of the view that the Legislature was without power to enact the legislation if the New Article was not a part of the Constitution when it was ratified by the people in November, 1918, but that it was the writer's opinion that the Amendment adopted in November, 1918, became upon its adoption a *part* of the Constitution, so that the Legislature which assembled in December, 1918, derived its powers under the new Constitution, that is to say, from the people under that instrument, and although there rested upon the Legislature an inhibition by enactment to presently deal with the subject of the prohibition of the sale of intoxicants there was no express or implied inhibition to enact a statute which by its express terms was not to become effective until the new Constitution became operaive. So the Act was upheld on two different

theories: two of the Justices adhering to one theory, that of purely anticipatory legislation, and one to the theory that the new Amendment became a part of the Constitution when ratified by the people which enabled the Legislature to enact the legislation to become effective concurrently with the new amendment. Two of the members of the Court, Mr. Chief Justice BROWNE and Mr. Justice TAYLOR did not agree with either theory.

In 1934 the people at the election in November ratified and approved an amendment to Article XIX of the Constitution. Section 1 of the Amendment was virtually a re-adoption of Section 1 of the original Local Option Article of the Constitution of 1885, except that the words: "Provided, That intoxicating liquors, either spirituous, vinous, or malt, shall not be sold in any election district in which a majority vote was cast against the same at the said election," were omitted from the 1934 amendment. The words "or primary," as referring to elections, were added to the Amendment.

. Section 2 of the new Amendment contained a provision that:

"All laws relating to intoxicating liquors, wines and beer which were in effect on December 31, 1918, unless changed by the Legislature by laws expressly made, effective concurrently with this amendment, shall as so changed become effective with this Article and shall so remain until thereafter changed by the Legislature."

Section 3 of the new Amendment provides that:

"Until changed by elections called under this Article, the status of all territory in the State of Florida as to whether the sale is permitted or prohibited shall be the same as it was on December 31, 1918."

The new Amendment became effective immediately upon

its adoption and the repeal of Article XVIII of the Amendment of the Constitution of the United States. That Amendment was adopted and in force December 5, 1933. That Amendment repealed the Eighteenth Article of Amendment to the Constitution of the United States and prohibited the transportation or importation into any State, territory or possession of the United States for delivery or use therein of intoxicating liquors in violation of the laws thereof.

The Amendment to the Florida Constitution adopted in November, 1934, provided in Section 2, as stated, that "All laws relating to intoxicating liquors, wines and beer which were in effect on December 31, 1918, unless changed by the Legislature," "shall so remain until thereafter changed by the Legislature," and Section 3 provided that: "Until changed by elections called under this Article, the status of all territory in the State of Florida as to whether the sale is permitted or prohibited shall be the same as it was on December 31, 1918.

No elections in Leon County have been called under the new Amendment, therefore the status of Leon County as to whether the *sale* of intoxicating liquors is permitted or prohibited is that of a "dry" county.

As the new Amendment merely reinstated the old policy of the State under the Local Option Article of the Constitution of 1885 which only related to the matter of the *sale* of such liquors, and as the *status* of Leon County under the new Amendment is that of a "dry" county, it remains to be determined what laws relating to intoxicating liquors were in effect on December 31, 1918, in so far as those laws relate to the shipment into Leon County from outside the State of intoxicating liquors for private and personal use and not for sale, and delivery by the carrier transporting the liquor, of such liquor to the rightful owner.

Chapter 7284, Laws of 1917, *supra,* was declared to be invalid prior to December 31, 1918. See *Ex parte* Francis, *supra.*

Chapter 7733, *supra,* was invalid for the same reasons advanced in the Francis case. At least it was not in effect on December 31, 1918, because it was intended to take effect while original Article XIX was in force. See Neisel v. Moran, *supra,* 80 Fla. text 125.

Chapter 7736, *supra,* declared in the case of Neisel v. Moran, *supra,* not to be in effect until January 1, 1919, was of course not effective December 31, 1918.

As there are no other statutes prohibiting under penalties the receipt in dry territory from a carrier, public or private, of intoxicating liquors and prohibiting under penalties the carriage by any citizen into such territory of any such liquors which were in effect on December 31, 1918, it follows that the respondents were not prohibited by law from delivering the shipment to the relator in the circumstances.

It has been shown that the invalid or repealed Acts were not reenacted by the Constitutional Amendment adopted in 1934.

The question whether other legislation relating to intoxicating liquors and imposing licenses upon the sale of such commodities which were put in repose by the Amendment of 1919 were revived by the Constitutional Amendment of 1934 does not arise in this case and is not therefore in any manner affected by it.

In the views above expressed it follows that the Federal Liquor Taxing Act of 1934 has no application, nor does the Twenty-first Amendment to the Federal Constitution have any effect upon the case presented.

In this view of the effect of the adoption of the Consti-

tutional Amendments of 1919 and 1934 I am of the opinion that the motion to quash the return of the alternative writ should be granted.

BUFORD, J., concurs.