T. J. CAMPBELL, individually and as Tax Collector of Palm Beach County v. EAST COAST BEVERAGE COMPANY.

168 So. 817.

Division B.

Opinion Filed June 10, 1936.

*A. L. Rankin,* for Plaintiff in Error;
*Beacham & Gaulden,* for Defendant in Error.

BUFORD, J.—The writ of error brings for review judgment in favor of the plaintiff in a suit against the defendant as an individual and as Tax Collector of Palm Beach County, Florida, to recover $1,000.25 paid by plaintiff under protest

for a license authorizing him to sell intoxicating liquor in Palm Beach County, Florida, under the provisions of Section 31 of Chapter 6221, Laws of Florida of 1913, and which Act was in full force and effect on the 31st day of December, 1918.

Demurrer to the declaration was overruled and judgment entered in favor of the plaintiff.

Counsel for defendant in error suggests that we read and construe a number of statutes not involved in this case. Here the sole question is whether or not the provisions of that statute, Section 31 of Chapter 6421, Acts of 1913, were revived and put into full force and effect by the adoption of House Joint Resolution No. 83 as a part of the Constitution of the State of Florida in the election of November 6th, 1934, when it appears that the provisions of Chapter 6421, Acts of 1913, were not included in "Revised General Statutes of Florida" of 1920, and when it further appears that the provisions of Chapter 7838, Acts of 1919, are as follows:

"Sec. 2. That every statute of a general and permanent nature enacted by the State of Florida, or by the Territory of Florida, and every part of such statute not included in said Revised General Statutes of Florida, or recognized and continued in force by reference therein, is hereby repealed."

On authority of the opinion and judgment in the case of Coleman, Sheriff, v. State, *ex rel.* Race, 118 Fla. 201, 159 Sou. 504, we hold that by the adoption of the Constitutional Amendment embraced in House Joint Resolution No. 83 proposed by the Legislature at its regular session of 1933 and adopted at the general election in 1934, the provisions of Section 31 of Chapter 6421, Acts of 1913, which were in full force and effect on December 31st, 1918, were revived and became the law of Florida and that the provisions

thereof were in full force and effect at the time the plaintiff was required to pay the license complained of.

In the case of Coleman v. State, *ex rel.* Race, *supra,* we said:

"The Common Law of England in effect on July 4, 1776, was adopted as the Law of Florida and declared to be of full force and effect in this State by the Act of November 6, 1829. This was done by statute and such adoption has been held to have been legal and binding and of full force and effect for more than one hundred years.

"We think it cannot be gainsaid that instead of adopting the Common Law of England as the law of this State by statute, the Constitution might have as easily and as effectively adopted the general law of any other civilized country to be of force and effect in this State and have provided that the same might be abrogated or changed by statute, provided the Constitution of the United States be not violated.

"By the adoption of Constitutional Amendments the people may establish law which the Legislature is inhibited to enact by other provisions of the Constitution. By such procedure not only may valid law be established without legislative Act, but the Legislature may be abolished and some other law-making power set up in its place. The Legislature is the creature of the Constitution and can never be superior in powers to the will of the people as written by them in the Constitution."

See also State, *ex rel.* Hoffman, v. Powell, *et al.,* 118 Fla. 296, 159 Sou. 508.

We see no good purpose to be served by further discussion of the question involved. The judgment should be reversed and remanded for further proceedings. It is so ordered.

Reversed and remanded.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.